IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID D. KARMELI,<br><br>Plaintiff,<br><br>v.<br><br>THE CAR CARRIER, UI EXPRESS, INC., and VLADYMIR BOTIUK<br><br>Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00486-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 25.) This case involves an automobile-pedestrian accident that took place on July 20, 2011, in Cedar City, Utah. Defendants Vladymir Botiuk and UI Express Inc. ("Defendants") filed a motion to quash service, which the court now considers. (ECF No. 19.). The matter is fully briefed, including a surreply requested by the court. (*See id.*; ECF Nos. 20, 21, 27.) The court finds that oral argument is not warranted and decides the matter on the briefs.

## **ANALYSIS**

### **I. Defendants' motion to quash**

Plaintiff attempted to serve Defendants using the process set forth in Utah Code Section 41-12a-505, which appoints a state entity as the agent for service of process for nonresident drivers. Defendants argue that the court should quash service because Plaintiff has not satisfied various statutory requirements. (ECF Nos. 19, 21.) The court finds that Defendants were properly served here.

**a. Utah law appoints the Utah Division of Corporations and Commercial Code as Defendants' agent for service of process in this case.**

Defendants argue that Utah Code Section 41-12a-505 only operates where a defendant uses his own motor vehicle. The court does not agree. The statute appoints the Utah Division of Corporations and Commercial Code ("Division") as agent for service of process for a nonresident who operates or uses any motor vehicle, regardless of ownership:

> The use and operation by a nonresident or his agent . . . of a motor vehicle on Utah highways is an appointment of the Division of Corporations and Commercial Code as the true and lawful attorney for service of legal process in any action or proceeding against the person arising from the use or operation of a motor vehicle over Utah highways which use or operation results in damages or loss to person or property.

Utah Code Ann. § 41-12a-505(1)(a). Defendants assert their purported ownership requirement is supported by the statute's "language and how it has been interpreted in Utah." (ECF No. 21 at 3.) Neither supports Defendants' position. First, the statute itself indicates that the Division is appointed the agent for service of process when a nonresident's uses or operates a motor vehicle on Utah's highways. Utah Code Ann. § 41-12a-505(1)(a). There is no indication in the statute that ownership plays any role. The use of the indefinite article suggests the contrary. Second, despite Defendants' conclusion regarding interpretation by Utah courts, Defendants do not cite any case that indicates the phrase "a motor vehicle" applies only to a motor vehicle owned by the nonresident. In the absence of some authority requiring otherwise, the court applies the plain language of the statute, which applies to a nonresident operating a motor vehicle.

Defendants initially argued that the incident described in the complaint did not occur on a highway. Plaintiff provides evidence that the accident did occur on a highway. (ECF No. 20 at 4, Ex. 1, 3.) Defendants do not rebut, or even address, this evidence in their reply. Based on the foregoing, the court concludes the Division was appointed Defendants' agent for service or process by operation of Utah Code 41-12a-505.

**b. Plaintiff demonstrates the requisite diligence to allow service pursuant to Section 41-12a-505.**

Defendants argue that Plaintiff has not shown the requisite diligence to allow for service pursuant to Section 41-12a-505. The court disagrees. Section 41-12a-505 includes two diligence requirements to effect service under the statute. *See Carlson v. Bos*, 740 P.2d 1269 (Utah 1987). First, Plaintiff must show "that after diligent effort, he or she has determined to a reasonable certainty that defendant motorist is either a nonresident or a resident who has departed from the state, and therefore, that service under section 41–12[a]–[505] is appropriate." *Id.* at 1277 (footnote omitted). Second, "plaintiff must establish that a diligent attempt has been made to obtain defendant's current address." *Id.* Plaintiff demonstrates the requisite diligence here.

Plaintiff made a diligent effort to determine that Defendants were not Utah residents. Ms. Cherish Button's affidavit indicates that she searched public records in Utah and New York. (ECF No. 20, Ex. 2.) Ms. Button located an address for both Defendants in New York. Nothing in the record indicates that Defendants are Utah residents. Defendants themselves do not argue otherwise. Thus, Plaintiff has met the first diligence criteria.

Second, Plaintiff engaged in a reasonably diligent effort to obtain Defendants' addresses. Plaintiff searched Utah Division of Corporations and Commercial Code records for information related to both Defendants. (ECF No. 20, Ex. 2.) Plaintiff also searched New York Division of Corporations records for this information. The search revealed a New York address for Defendant UI Express, Inc. (*Id.*) Plaintiff attempted to serve process at this address, but was told by the occupant that the location was a residence and Defendant Botiuk did not live there. (*Id.*) Plaintiff then paid an unidentified service[1] to search for Defendants' last known address. (*Id.*) Through that search, Plaintiff obtained another New York address and served process at this

[1] Plaintiff refers to this by the colloquial term "skip trace," which is common parlance in debt collection matters.

address on an individual, later identified as Defendant Botiuk's ex-wife. (*Id.*) After Plaintiff learned who had been served, he stipulated to withdraw service because Defendant Botiuk did not live at that address. (*Id.*; ECF No. 12.) Plaintiff then filed the summons and complaint with the Utah Division of Corporations and Commercial Code pursuant to Section 41-12a-505. (ECF No. 19 at 2.) The court finds that Plaintiff's efforts to locate Defendants constitute the due diligence required under the statute. Further, Plaintiff attempted to provide more notice than the statute requires. Plaintiff provided notice to Defendants' insurance carrier and attempted to personally serve Defendants at the addresses Plaintiff located through his various searches.

Defendants suggest that Plaintiff's efforts "are not 'great diligence' nor do they consist of doing everything possible." (ECF No. 21 at 6.) Defendants appear to misapprehend the standard. "The diligence to be pursued and shown ... is that which is reasonable under the circumstances and not all possible diligence which may be conceived." *Carlson* at 1277. Plaintiff's efforts constitute a reasonable attempt to obtain Defendants' addresses under the circumstances.

1. Plaintiff should have filed a motion, but the court will not quash service on this basis.

Defendants assert that service should be quashed because Plaintiff did not seek court permission to effect service through Section 41-12a-505. To support this argument, Defendants rely on an unpublished decision from the Utah Court of Appeals, *Washington v. Kraft*. 2010 UT App 266. Defendants' reliance on this case is misplaced. As Plaintiff points out, the *Washington* court never reached this issue. Instead, it dismissed the appeal because it found the matter inadequately briefed. *Washington* ¶ 6. Thus, Washington does not impose a requirement to file a motion prior to effecting service pursuant to Section 41-12a-505.

Further, Plaintiff appears to suggest that *Carlson* imposes a motion requirement. The only explicit motion requirement in *Carlson* comes from Utah Rule of Civil Procedure 4. *Carlson* at

1276 n.12. This case proceeds under the Federal Rules of Civil Procedure, not Utah's. Moreover, quashing service for failure to file a preservice motion would elevate form over substance here. Plaintiff's opposition provided the court with sufficient information regarding Plaintiff's diligence. Forcing Plaintiff to make a separate motion with this same information would serve only to cause delay. The court does note, however, that such a motion may be a more efficient manner of establishing the requirements imposed by *Carlson* for future litigants. Nonetheless the court will not quash service for want of a preservice motion.

Finally, Defendants indicate that Plaintiff "could have accepted a previous offer from Mr. Botiuk's counsel to accept service." (ECF No. 21 at 6.) The court requested additional briefing to address this statement. (*See* ECF Nos. 26–27.) Apparently, Defendants neglected to mention to the court that this offer to accept service was predicated on dismissal of Plaintiff's claim for punitive damages. (*See* ECF No. 27.) Defendants are encouraged to include such details in future filings with the court, particularly in a reply memorandum.

**ORDER**

For the reasons set forth above, this Court **DENIES** Defendants' motion to quash (ECF No. 19.)

Dated this 11th day of May 2016.

By the Court:

Dustin B. Pead
United States Magistrate Judge